**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OSTEOMED LLC,

        Plaintiff,

    v.

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

        Defendants.

Civil Action No. 1:20-cv-6821

STRYKER EUROPEAN OPERATIONS
HOLDINGS LLC and HOWMEDICA
OSTEONICS CORP.,

        Counterclaim Plaintiffs,

    v.

OSTEOMED LLC,

        Counterclaim Defendant.

**OSTEOMED LLC'S MOTION TO STRIKE NEWLY ASSERTED PATENT CLAIMS
FROM HOWMEDICA OSTEONICS CORP.'S AND STRYKER EUROPEAN
OPERATIONS HOLDINGS LLC'S
AMENDED INITIAL INFRINGEMENT CONTENTIONS**

1

## I.    INTRODUCTION

On February 8, 2022, less than three weeks before the due date for final contentions, Stryker Corporation, Howmedica Osteonics Corp. ("Howmedica"), and Stryker European Operations Holdings LLC ("SEOH") (collectively, "Stryker") served amended initial infringement contentions ***adding*** three additional asserted claims never before identified in this case.[1]  The timing of this late addition is suspect as it follows on the heels of OsteoMed filing its January 28, 2022 Petitions for *Inter Partes* Review ("IPR") regarding the asserted claims of the Stryker patents. Such late disclosure of asserted claims (just days before the deadline to reduce claims) is not permitted under the Local Patent Rules, and may prevent OsteoMed from challenging these claims in further IPR petitions.

The Local Patent Rules, which require Final Infringement Contentions—and the list of claims provided two weeks before Final Infringement Contentions are exchanged—to assert only claims "selected from claims identified in the Initial Infringement Contentions."  N.D. Ill. LPR 3.1(a).  Stryker's attempt to avoid this restriction by serving so-called First Amended Initial Infringement Contentions violates the letter and spirit of the Local Patent Rules.  OsteoMed stands to suffer great prejudice if these belated claims are permitted into the case.  Stryker has deprived OsteoMed of the ability to meaningfully assess the invalidity of these claims during the period of time between initial and final contentions, and to include these new claims in its already filed IPRs. OsteoMed respectfully requests that this Court strike the newly added claims from Stryker's First Amended Initial Infringement Contentions.[2]

---

[1]   Specifically, Stryker's First Amended Initial Infringement Contentions added additional claims 12, 14, and 18 to its infringement allegations for U.S. Patent No. 9,168,074 ("the '074 Patent").

[2]   OsteoMed's counsel met and conferred telephonically with Defendants' counsel on February 18, 2022 and were unable to resolve the issues in this motion.

## II.    FACTUAL BACKGROUND

On January 29, 2021, Stryker Corporation filed its answer to OsteoMed's patent infringement claims and purported to assert, on its behalf and on behalf of Howmedica and SEOH, its own patent infringement counterclaims regarding the '074 Patent, and U.S. Patent Nos. 9,078,713 and 10,993,751 (collectively, the "Asserted Patents"). Dkt. No. 20. At the time, however, the owner of the Asserted Patents, SEOH, was not a party to the case. Thus, Howmedica and SEOH filed a motion to intervene for the purpose of, in part, asserting these patent infringement counterclaims. Dkt. No. 19. The motion to intervene was granted on May 17, 2021 (Dkt. No. 40), and the patent infringement counterclaims were formally filed and served on May 28, 2021 (Dkt. No. 45).

Pursuant to the Court's scheduling order, the parties exchanged Initial Infringement Contentions on July 20, 2021. In those contentions, Stryker asserted 8 claims from the '713 Patent, 6 claims from the '074 Patent, and 16 claims from the '751 Patent for a total of 30 asserted claims. OsteoMed addressed these 30 asserted claims in its Initial Invalidity Contentions, served on August 17, 2021. After having some difficulty in obtaining physical product samples, the parties agreed to an extension of the final contention deadline to February 25, 2022. Dkt. No. 66. In so agreeing, however, OsteoMed relied on the fact that Stryker had already selected its asserted claims and could only reduce those claims going forward. Indeed, OsteoMed never would have agreed to an extension that would permit Stryker to add asserted claims to this case *after* the one-year date from the time Stryker initially filed its patent infringement counterclaims.

In this regard, OsteoMed filed its IPRs on each of these 30 claims on January 28, 2022 (even though these claims would soon be reduced to just 20). Stryker may argue that any IPR Petitions filed after January 29, 2022, are time-barred under the applicable statutory guidelines because they will be filed more than one year after Stryker initially (but improperly) attempted to

3

file and serve its infringement counterclaims in this case. A week and a half after OsteoMed filed its IPRs and after the one-year date from its initial filing, Stryker served Amended Initial Infringement Contentions adding claims 12, 14, and 18 to its contentions regarding the '074 Patent. Given that Stryker did not cite any new evidence in support of these claims, but rather relies solely on documents produced in this case over a half year ago, OsteoMed can only assume Stryker has chosen to add these new claims after January 29, 2022, to prevent OsteoMed from filing a new IPR Petition on these claims.

In finalizing its Final Invalidity Contentions, OsteoMed discovered that Stryker had added these additional claims as part of its amended contentions. OsteoMed contacted Stryker to withdraw the claims, but Stryker has refused to do so. Instead, Stryker indicated that it intended to file its own motion to strike OsteoMed's Amended Initial Infringement Contentions on January 31, 2022, for adding newly asserted claims and for providing additional detail regarding Stryker's accused plates.[3] Regarding these contentions, OsteoMed served Amended Initial Infringement Contentions on January 31, 2022, to add additional information regarding its contentions developed during fact discovery, including reference to documents and products that Stryker has produced in the case. Moreover, Stryker had asserted that it was not able to understand what claims of OsteoMed's original contentions were being asserted against individual Stryker plates. *See, e.g.*, Ex. 1, Stryker Initial Non-Infringement Contentions Cover Pleading at 2 (Aug. 17, 2021) ("OsteoMed's Initial Infringement Contentions fail to identify which products within Stryker's Anchorage CP plating system allegedly infringe each of the Asserted Claims. . . ."). In so

---

[3] In advance of and during the parties' telephonic meet and confer, OsteoMed offered to withdraw its new claims and asked Stryker to do the same in view of the Local Patent Rules. Stryker refused. Pursuant to the Local Patent Rules and to narrow the issues for this Court's resolution, OsteoMed has withdrawn its added patent claims.

complaining, Stryker expressly considered OsteoMed's ability to amend its initial infringement contentions. *Id.* at 5 ("Accordingly, Stryker reserves the right to supplement or otherwise amend . . . based upon . . . amendments to OsteoMed's Initial Infringement Contentions . . ."). So, OsteoMed's amended contentions provided individual charts for each plate that included the details that ***Stryker demanded***. OsteoMed could have made these changes with its Final Infringement Contentions, but instead provided the additional detail even earlier than was required. In making these amendments,

OsteoMed also inadvertently added additional claims to its charts that were asserted in its co-pending case against Wright Medical, pending in Delaware. While Stryker has clearly had an opportunity to assess the validity of these claims (in fact, Stryker filed IPR Petitions directed to them), OsteoMed nevertheless withdrew these claims from its contentions pursuant to the Local Patent Rules. To the extent Stryker argues OsteoMed's additional claims in its January 31, 2022 Amended Initial Infringement Contentions caused it to file additional IPRs, that is false because its IPRs on these claims were already on file. Indeed, it was the claims being properly put at issue against Wright Medical in the Delaware litigation that cause Stryker to file a second set of IPRs before its own one-year bar date.

## III. ARGUMENT

Stryker's untimely addition of three patent claims is prohibited by the Local Patent Rules and significantly prejudices OsteoMed by expanding the case as the deadline for final contentions approaches, and more than one year after Stryker first filed its infringement allegations in this case. Calling these "First Amended Initial Infringement Contentions" does not alter the prejudice OsteoMed will suffer if it is required to prepare Final Invalidity Contentions for these new claims in less than a month instead of the twenty-one weeks the Local Patent Rules contemplate. Notably, Stryker's evidence supporting these new infringement allegations has been in its possession since

***August of 2021***. There is no reason Stryker could not have added these claims sooner, and provided OsteoMed with the time contemplated under the Local Rules for assessing invalidity.

"The purpose of" the Local Patent Rules "requiring disclosure of infringement contentions (Rules 2.2 and 3.1) is to prevent late course changes 'by forcing the parties to crystallize their theories of the case early in litigation.'" *Baxter Int'l, Inc. v. CareFusion Corp.*, No. 15 C 9986, 2020 WL 10486005, at *1 (N.D. Ill. Aug. 12, 2020) (internal citation omitted). With this in mind, Local Patent Rule 2.2 requires the patentee to "serve on all parties 'Initial Infringement Contentions'" that identify, among other things, "claims of each patent in suit that are allegedly infringed by the opposing party." N.D. Ill. LPR 2.2. Then, Local Patent Rule 3.1(a) requires a patentee to ***reduce*** the asserted claims to be "selected from the claims identified in the Initial Infringement Contentions" two weeks before the deadline for Final Infringement Contentions. N.D. Ill. LPR 3.1(a). Instead of reducing the asserted claims as required, however, Stryker has inexplicably ***increased*** the number of asserted claims.

Stryker's assertion of claims that were not identified in its Initial Infringement Contentions is extremely prejudicial in this case. OsteoMed relied on Stryker's identification in preparing its case, in preparing Final Invalidity Contentions, and in submitting its IPR Petitions on the asserted claims. Stryker should not now be permitted to assert additional claims that were not timely identified, depriving OsteoMed adequate time to prepare its defenses, including invalidity. This is particularly true here because the newly added claims are not coextensive in scope with claims already part of the case, but rather add features that OsteoMed has not had an opportunity to assess from an invalidity standpoint. For example, claims 12 and 18 add that the implant include a "flat surface of the first tooth is coplanar with a flat surface of the second tooth." Ex. 2, '074 Patent at cls. 12, 18. Similarly, claim 14 adds that the "first tooth, second tooth, and the third tooth each

include flat surfaces . . . defining planes parallel to each other." *Id*. at cl. 14. This concept regarding the flat geometry of the implant teeth and the relation of the surfaces to one another does not appear in any of the currently asserted '074 Patent claims.

The prejudice here cannot be solved by merely extending the case schedule. As detailed above, OsteoMed has already filed IPR petitions for each of the asserted claims. Filing an additional petition addressing these new claims not only requires additional fees and costs, but risks an argument from Stryker that such a petition is time-barred since one year has passed from SEOH's improper filing of its counterclaims before being granted leave to intervene. Even though SEOH did not have leave to file these counterclaims until May of 2021, the original filing of the patent infringement claims occurred on January 29, 2021. Thus, if the one-year deadline to file IPR Petitions has passed with Stryker improperly adding new asserted patent claims mere days after this deadline, the prejudice to OsteoMed in these circumstances is extreme. Allowing Stryker to add these claims at this point would undermine the very purpose of filing the IPR petitions in the first instance—that is, to allow the Patent Office to assess the validity of the asserted claims and decrease the issues in dispute in this case. Stryker cannot be allowed to contravene the Local Patent Rules under this fact pattern.

Striking the newly added claims from Stryker's First Amended Initial Infringement Contentions is appropriate. "Unlike Rule 37(c)(1), which does not allow the exclusion of evidence as a sanction for a harmless failure to disclose or supplement information under Rule 26(a) or (e), Rules 16(f)(1)(C) and 37(b)(2)(A)(ii) do not prohibit the exclusion of evidence even where the violation at issue does not cause prejudice." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2021 WL 50348, at \*3 (N.D. Ill. Jan. 5, 2021). The basis to strike here is even stronger given the prejudice to OsteoMed and the lack of diligence exhibited by Stryker.

## IV.    CONCLUSION

Given the failure to comply with the Local Patent Rules, lack of any justification for doing so, and clear prejudice to OsteoMed if Stryker's amended contentions are permitted, OsteoMed respectfully requests that its motion to strike the newly asserted claims from Stryker's Amended Initial Infringement Contentions be granted.  If OsteoMed's motion is denied, OsteoMed seeks eight additional weeks to serve Final Invalidity Contentions regarding these new claims.

Dated: February 21, 2022

Respectfully submitted,

By:  /s/ Devon C. Beane
Jason A. Engel (IL6180457)
Devon C. Beane (IL6303129)
Katherine L. Allor (IL6317964)
Amanda C. Maxfield (IL6336337)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
jason.engel@klgates.com
devon.beane@klgates.com
katy.allor@klgates.com
amanda.maxfield@klgates.com

*Attorneys for Plaintiff and Counterclaim Defendant OsteoMed LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2022 the foregoing document was served upon all counsel of record via the Court's ECF filing system.

/s/ Devon C. Beane
Devon C. Beane