**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSTEOMED LLC,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP.,<br><br>Defendants. | ) | Civil Action No. 1:20-cv-6821<br><br>Hon. Steven C. Seeger |

---

| | |
|---|---|
| STRYKER EUROPEAN OPERATIONS HOLDINGS LLC and HOWMEDICA OSTEONICS CORP.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>OSTEOMED LLC,<br><br>Counterclaim Defendant. | ) |

**<u>PLAINTIFF'S MOTION TO REASSIGN AND CONSOLIDATE RELATED CASE</u>**

## I. INTRODUCTION

Plaintiff OsteoMed LLC ("OsteoMed") respectfully moves pursuant to Local Rule 40.4 to reassign *OsteoMed LLC v. Wright Medical Technology, Inc.*, Case No. 1:26-cv-07857 (N.D. Ill.) (Alonso, J.) (the "Wright Action") and consolidate with this action, which involves substantially similar legal and factual issues with this case currently before this Court. These cases are related under Local Rule 40.4(a) and they satisfy the conditions for reassignment under Local Rule 40.4(b). *See McClain v. Cap. Vision Servs., LLC*, No. 25 CV 7675, 2026 WL 710926, at *8 (N.D. Ill. Mar. 13, 2026) ("In order to reassign a case under Local Rule 40.4, plaintiff must satisfy the requirements of both Local Rule 40.4(a) and Local Rule 40.4(b)"). The cases also "involve a common question of law or fact" and are therefore proper for consolidation under Rule 42. *See* Fed. R. Civ. P. 42.

Defendants Stryker Corp. ("Stryker") and Howmedica Osteonics Corp. (collectively, "Defendants") indicated they do not oppose the motion so long as OsteoMed agrees to not move (or otherwise seek) to sever Counterclaim Plaintiffs' Counterclaim(s), either before trial or for trial, and whether pursuant to Fed. R. Civ. P. 42 or otherwise. OsteoMed cannot agree to that at this time and disagrees there is any relationship between Defendants' request and this motion for reassignment and consolidation.

## II. ARGUMENT

### A. Legal Standard

"A district court has discretion to reassign a case pursuant to Local Rule 40.4" and "to consolidate actions involving a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a)." *Richburg v. Conagra Brands, Inc.*, No. 22 CV 2420, 2022 WL 16836408, at *2 (N.D. Ill. Nov. 9, 2022). "The Seventh Circuit has emphasized that related cases pending before

the same court should be consolidated before a single judge to avoid wasteful overlap." *Id.*

Under Local Rule 40.4(a), cases may be deemed related where "the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence[.]" L.R. 40.4(a) (emphasis added). Although only one of these conditions must be satisfied, the actions here satisfy all three.

Local Rule 40.4(b) further provides that reassignment is appropriate where: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

**B. Reassignment Is Appropriate Under Local Rule 40.4**

This Action has been pending before the Court since 2020. The Wright Action was recently transferred to the Northern District of Illinois and assigned to Judge Alonso as Case No. 1:26-cv-07857. OsteoMed is the plaintiff in both actions. Wright Medical Technology, Inc. ("Wright"), the defendant in the Wright Action, was acquired by Stryker, the defendant in this case, in November 2020. *OsteoMed LLC v. Wright Medical Tech., Inc.*, Case No. 1:26-cv-07857, Dkt. No. 13 (N.D. Ill.) (Alonso, J.). This Action involves the same ultimate defendant as the Wright Action.

The factual issues are substantially similar. Both actions involve patent infringement claims, and the four patents asserted by OsteoMed in the Wright Action are the same patents asserted in this action, including: U.S. Patent Nos. 8,529,608 (the "'608 Patent"), 9,351,776 (the "'776 Patent"), 9,763,716 (the "'716 Patent"), and 10,245,085 (the "'085 Patent"). *See* Dkt. No. 1; *OsteoMed LLC v. Wright Medical Tech., Inc.*, Case No. 1:26-cv-07857, Dkt. No. 1. As a result,

both actions involve substantially overlapping issues concerning claim construction, infringement, validity, and damages.

The two actions also concern related foot and ankle plating systems and corresponding plate products. In this action, OsteoMed accuses Stryker's Anchorage CP Plating System, including the Anchorage 2 CP System MTP CP Plate, Lapidus CP Plate, Universal CP Plate, and Midfoot CP Plate (the "Anchorage Products"). Dkt. No. 1. In the Wright Action, OsteoMed accuses the ORTHOLOC 2 CROSSCHECK system, including the ORTHOLOC 3Di CROSSCHECK MTP Plate, Lapidus Plate 0mm, Lapidus Plate 2mm, and Y-Plate. *OsteoMed LLC v. Wright Medical Tech., Inc.*, No. 1:26-cv-07857, Dkt. No. 1. Further, because Wright was acquired by Stryker in November 2020, the accused ORTHOLOC products are now owned and marketed by the same corporate family that markets the accused Anchorage Products at issue here. These two cases require overlapping technical, corporate, and damages discovery from the same entity, and therefore involve many of the same factual and legal issues and arise from substantially similar transactions and occurrences and the cases qualify as related under L.R. 40.4(a).

The requirements of Local Rule 40.4(b) likewise are satisfied, confirming the propriety of reassignment. First, both actions are pending in the Northern District of Illinois. Second, handling both actions before the same judge is likely to result in a substantial saving of judicial time and effort. Because the same patents are asserted in both actions, reassignment will avoid duplication of effort and permit a single court to address overlapping issues concerning the scope of the patents, the applicability of the related accused products, rulings tied to relevance of discovery and the propriety of expert testimony, as well as all related defenses. Third, reassignment is not likely to substantially delay the proceedings in the earlier-filed action. Both cases were stayed for the duration of proceedings before the United States Patent and Trademark Office, where Stryker and

Wright collectively challenged OsteoMed's patent's validity. *See, e.g.*, *Stryker Corp., Wright Medical Technology, Inc. v. OsteoMed LLC*, No. 2023-1925, 2025 WL 2814019 (Fed. Cir. Oct. 3, 2025). Finally, the actions are susceptible to disposition in a single proceeding because they involve the same patents, effectively the same parties, and substantially overlapping factual and legal issues. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

Accordingly, because the Wright Action is related to this Action within the meaning of Local Rule 40.4 and the requirements for reassignment and consolidation are satisfied, reassignment and consolidation are appropriate. *River Vill. W. LLC v. Peoples Gas Light and Coke Co.*, No. 05 C 2103, 2007 WL 541948 (N.D. Ill. Feb. 14, 2007) (finding substantial judicial resources would be saved for purposes of reassignment and consolidation where the three cases had, among other things, "identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River"); Fed. R. Civ. P. 42(a)(2) ("[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions.").

For all of these reasons, consolidation under Rule 42 is proper because the actions "involve a common question" of both "law" and "fact." Fed. R. Civ. P. 42. Indeed, "[e]fficiency interests" often "provide the first, and strongest, basis for consolidation . . . ." *Washington v. Boudreau*, No. 16-cv-01893, 2023 WL 184239, at *3 (N.D. Ill. Jan. 13, 2023). Under these circumstances, the Court would be well within its discretion to reassign and consolidate these cases to promote judicial efficiency. *See James Tuccori v. At World Props.*, No. 24-cv-150, 2025 WL 2976481, at *2 (N.D. Ill. Oct. 22, 2025) ("Claims need not 'neatly overlap' to warrant consolidation.… Rather, Rule 42 requires only 'a common issue of law or fact.'").

## III. CONCLUSION

OsteoMed respectfully requests that the Court determine that the cases are related and direct reassignment of *OsteoMed LLC v. Wright Medical Technology, Inc.*, Case No. 1:26-cv-07857, to this Court.

Dated: July 30, 2026

Respectfully submitted,

By: /s/ Jason A. Engel

Jason A. Engel (IL6274878)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
jason.engel@klgates.com

*Attorneys for Plaintiff OsteoMed LLC*